UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEAN D. FRANCIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-763 (RMC) |
| | ) | |
| THOMAS E. PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit was filed on April 25, 2016, and alleges that the Department of Labor (DOL) discriminated and retaliated against Plaintiff Jean D. Francis, its former employee, on the basis of her national origin, sex, and race in violation of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and on the basis of her age, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq*. Service was effected on July 5, 2016 and Ms. Francis moved to remove her counsel on September 6, 2016. *See* Mot. to Remove Counsel [Dkt. 6]. As a result, the Court stayed the case for 60 days to allow Ms. Francis to retain new counsel. *See* Minute Order dated 9/7/2016. Ms. Francis initially elected to proceed *pro se* but on May 25, 2017 notified the Court that she had retained counsel. *See* Plaintiff's Mot. to Reschedule Status Conference [Dkt. 22] at 1. On December 23, 2016, before retaining new counsel, Ms. Francis moved to amend her Complaint. *See* Mot. to Amend [Dkt. 14]. The Secretary of Labor, Thomas Perez, sued in his official capacity, opposes her motion. *See* Opp'n to Mot. to Amend [Dkt. 15].

1

## I. BACKGROUND

Ms. Francis worked for DOL from June 10, 2007 until she was terminated on May 9, 2014. The instant matter is Ms. Francis' second court suit alleging violations of her rights to equal employment opportunity (EEO) at DOL. In the first, *Francis v. Perez*, No. 12-964 (D.D.C. filed Jun. 13, 2012), Ms. Francis, who was then represented by counsel, alleged "she was discriminated against by her supervisors on the basis of religion [Seventh Day Adventist], refused a reasonable accommodation for her religious practices, and retaliated against for complaining about her supervisors' alleged discrimination." *Francis v. Perez*, 970 F. Supp. 2d 48, 48 (D.D.C. 2013). Summary judgment was granted to the Secretary and all of Ms. Francis' claims in that case were dismissed. *See id.* at 69. The district court judgment was sustained on appeal. *See Francis v. Perez*, No. 13-5333, 2015 WL 3013723 (D.C. Cir. May 16, 2014).

In the present suit, Ms. Francis complains of discrimination and retaliation based on her sex (female), national origin (West Indies), race (African American), age (over 50), and protected EEO activities. *See* Compl. [Dkt. 1]. Ms. Francis' First Amended Complaint (Proposed Complaint) before this Court would add approximately 20 pages, nearly 100 paragraphs, and several new counts and claims to the instant litigation. *See* [Proposed] First Amended Complaint for Wrongful Discharge, Defamation, Violation of Federal Retirement Law, Civil Conspiracy, and Discrimi[n]ation in Violation of Title VII of the Civil Rights Act (Proposed Compl.) [Dkt. 14]. The Proposed Complaint is prolix, adding legal claims and adding extensive details that are sometimes inconsistent with allegations in her original Complaint. *E.g., compare* Compl. ¶ 37 (stating that she informally complained to EEO office of discrimination and retaliation "based on her sex, age, and prior EEO activities"), *with* Proposed

2

Compl. ¶ 46 (stating that she informally complained to EEO office of discrimination "on the basis of race, sex, religion, national origin, and reprisal").

The Proposed Complaint adds claims of religious discrimination (Count IV), wrongful discharge (Count V), "defamation and business defamation" (Count VI), civil conspiracy (Count VII), and a "violation of Federal Retirement Law (ERISA)"[1] (Count VIII). Proposed Compl. ¶¶ 159-176. In the Proposed Complaint Ms. Francis seeks millions of dollars in compensatory damages and emotional distress; she also seeks a declaratory judgment to return her to work at Grade-15, Step 10 level at a different Executive Branch department and a public apology. *See* Proposed Compl. at 49-50. The original Complaint does not specify a damages award, seeks a declaratory judgment to return Ms. Francis to work at Grade-15, Step 7, and does not request a public apology. *See* Compl. at 23.

## II. LEGAL STANDARD

If a plaintiff wants to amend a complaint more than "21 days after service of a responsive pleading" it may only do so "with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires," *id*; nevertheless, "the grant or denial of leave to amend is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The Supreme Court has stressed that leave to amend should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

---

[1] ERISA stands for the Employee Retirement and Income Security Act, 29 U.S.C. §§ 1001 *et seq*.

of amendment, etc." *Forman*, 371 U.S. at 182, *accord Miller v. Gray*, No. 13-2018, 2016 WL 8671830, at *2 (D.D.C. Dec. 16, 2016). "The Court may deny leave to amend based on futility 'if the proposed claim would not survive a motion to dismiss.'" *Berry v. Coastal Int'l Sec. Inc.*, 12-1420, 2015 WL 13216805, *2 (D.D.C. July 24, 2015) (quoting *Rumber v. District of Columbia*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009)). A court may also deny a motion to amend "where the only result would be to waste time and judicial resources." *Ross v. DynCorp*, 362 F. Supp. 2d 344, 364 n.11 (D.D.C. 2005).

### III. ANALYSIS

Ms. Francis did not seek leave to file the Proposed Complaint. Assuming she intended, as required, to seek such leave, it will be denied.

It would be futile to file the Proposed Complaint as so much of it cannot be litigated before this Court. Certain legal principles that govern the Proposed Complaint are clear and longstanding: (i) once a claim is litigated and finally resolved, it cannot be litigated again, *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (*res judicata* bars repetitious suits involving the same cause of action once a court has entered final judgment on the merits); (ii) the United States may not be sued in the absence of a waiver of sovereign immunity which must be unequivocally expressed in statutory text, *Dorsey v. U.S. Dep't of Labor*, 41 F.3d 1551, 1555 (D.C. Cir. 1994); and (iii) Title VII and the ADEA are the exclusive means for federal employees to remedy alleged employment discrimination prohibited by those statutes, *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976).

Ms. Francis cannot re-litigate her claim of religious discrimination because those claims have already been litigated and decided by another member of this Court, whose opinion was sustained in full by the D.C. Circuit Court of Appeals. *See Francis v. Perez*, No. 13-5333,

4

2015 WL 3013723.  The doctrine of *res judicata* applies when (1) "the same issue now being raised [has] been contested by the parties and submitted for judicial determination in the prior case," (2) the issue was "actually and necessarily determined by a court of competent jurisdiction in that prior case," and (3) preclusion does "not work a basic unfairness to the party bound by the first determination." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).  All allegations relating to Ms. Francis' claims of religious discrimination—whether she did allege them or could have alleged them in the prior suit—are therefore barred by principles of *res judicata*.  *See Nat'l Ass'n of Home Builders v. Envtl. Prot. Agency*, 786 F.3d 34, 41 (D.C. Cir. 2015) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)) (holding *res judicata* bars successive litigation of an issue litigated and resolved even if the issue recurs in the context of a different claim); *Yamaha Corp. of Am.*, 961 F.2d at 254-55 ("Preclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first.").  "The doctrine of *res judicata* serves to protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Kennedy v. Boardman*, No. 16-2235, 2017 WL 177615, at *3 (D.C. Cir. Jan. 17, 2017) (quotations marks and citations omitted).  Adding Count IV and all related factual allegations or claims for a remedy to this lawsuit would be futile because they would be subject to immediate dismissal under the doctrine of *res judicata*.

Ms. Francis wants to add a claim of "defamation and business defamation" to her Complaint that cannot be made against the federal government in this fashion and at this time.  Proposed Compl. ¶¶ 169-171.  Tort claims against the federal government are only actionable to the extent that it has waived its sovereign immunity, which it has done for some tort claims through the Federal Tort Claims Act (FTCA).  28 U.S.C. § 1346; *Smalls v. Emanuel*, 840 F.

5

Supp. 2d, 33 (D.D.C. 2012) (stating the FTCA waives immunity for some but not all torts against the federal government). The United States retains immunity with respect to claims of "libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). "Therefore, courts in this Circuit uniformly dismiss misrepresentation and defamation claims against the United States." *Smalls*, 840 F. Supp. 2d at 34. It would be futile to add Count VI to this litigation because it would be subject to immediate dismissal.

Ms. Francis wants to add allegations that Defendant committed civil conspiracy by engaging in a "predetermined plan to dismiss" her because of her "national origin, race, age, proximity to retirement, prior and current EEO activities, and other surreptitious and illegal reasons." Proposed Compl. ¶ 173. In Count V of the Proposed Complaint Ms. Francis also alleges "wrongful discharge" for "effecting a premeditated 'scheme' for firing [her]," which the Court will treat as part and parcel of her civil conspiracy claim. *Id.* ¶ 168. The Supreme Court has made clear that federal employees can avail themselves of the benefits of Title VII and ADEA protections but that those statutes are the exclusive means to remedy alleged discrimination covered by those laws. *See Brown*, 425 U.S. at 835 (Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."); *see also Chennareddy v. Dodaro*, 698 F. Supp. 2d 1, 21 n.26 (D.D.C. 2009) ("[T]he ADEA provides an exclusive remedy for [age] discrimination claims brought by federal employees."); *Lutes v. Goldin*, 62 F. Supp. 2d 118, 135-36 (D.D.C. 1999) (relying on *Brown* "to bar constitutional challenges arising under claims of federal employment discrimination"). The deprivation of a right created by Title VII (or, by extension, the ADEA) cannot be the basis for a civil conspiracy cause of action. *Great Am. Fed. Sav. & Loan Assoc. v. Novotny*, 442 U.S. 366, 378 (1979).

Because Counts V and VII, alleging a civil conspiracy to terminate Ms. Francis, would be subject to immediate dismissal, their addition to the underlying litigation would be futile.

Finally, Count VIII of the Proposed Complaint alleges a violation of federal retirement law, in reliance on ERISA. *See* Proposed Compl. ¶ 176. Ms. Francis cannot bring a claim against the federal government absent a waiver of sovereign immunity which "'must be unequivocally expressed in statutory text, and will not be implied.'" *Saunders v. Davis*, No. 15-2026, 2016 WL 4921418, at *6 (D.D.C. Sept. 15, 2106) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). "Section 1132(k) provides the only independent waiver of sovereign immunity found in ERISA." *Id*. It allows "an administrator, fiduciary, participant, or beneficiary of an employee benefit plan" to sue the Secretary in order to "review a final order of the Secretary, to restrain the Secretary from taking any action contrary to the provisions of this chapter, or to compel him to take action required under this chapter." 29 U.S.C. § 1132(k). Ms. Francis makes no factual allegations that come within this limited waiver of sovereign immunity and offers nothing but a barren cite to ERISA. *See* Proposed Compl. ¶ 176. Because the United States has not consented to be sued as she attempts, her efforts to add Count VIII to the underlying litigation would be futile.

### IV. CONCLUSION

In addition to the reasons stated above, the Court is unable to distinguish which allegations in the Proposed Complaint are timely, exhausted, and appropriate. It will therefore deny leave to amend the complaint without prejudice so that Ms. Francis, now represented by counsel, will have an opportunity to request leave to file a Second Amended Complaint, if she chooses, that avoids the errors identified in this memorandum opinion. It is accordingly,

**ORDERED** that Plaintiff's Motion to Amend Complaint, Dkt. 14, is **DENIED** without prejudice.


Date:   June 14, 2017                              _____/s/_____
                                                   ROSEMARY M. COLLYER
                                                   United States District Judge